UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK C. COLLIER | CIVIL ACTION |
| VERSUS | NO:    14-2090 |
| SHELL OFFSHORE, INC., ET AL. | SECTION: "K" (4) |

## ORDER

Before the Court is Defendant, Delmar Systems, Inc.'s **Rule 12(e) Motion for More Definite Statement on Behalf of Delmar Systems, Inc. (R. Doc. 9)**, seeking a court order requiring Plaintiff, Mark Collier, to amend his complaint to make a more definite statement as to the claims asserted. The motion is opposed. *See* R. Doc. 11. The motion was heard for oral argument on Wednesday, November 26, 2014.

## I.    Background

This action arises out of the injuries the Plaintiff sustained while aboard the M/V KULLUK. Plaintiff alleged that the M/V KULLUK broke from its tow multiple times, ultimately necessitating a dangerous helicopter evacuation of Plaintiff and others from the rig. *See* R. Doc. 1. Plaintiff alleges that the M/V KULLUK was owned by Defendant Shell Offshore, Inc. ("Shell") and operated by Defendant Noble Drilling (U.S.), LLC ("Noble"), and that Defendant Delmar Systems, Inc. ("Delmar") served as the Shell contracted "rig move coordinator." Plaintiff alleges that all the Defendants were the sole and proximate cause of his injuries due to their negligence in failing to properly plan the tow.

In the instant motion, Defendant seeks a more definite statement as to the claims asserted in the complaint because the Plaintiff does not allege who he was working for, the location of his alleged accident, and other salient and necessary facts needed for Delmar to formulate its defenses and responses. *See* R. Doc. 9

## II.      Standard of Review

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so expressly vague, ambiguous [or unintelligible] that the [opposing] party cannot reasonably prepare a response."

Although Rule 12(e) motions are available as a remedy, motions for more definite statements are generally disfavored because of "the liberal pleading standard set forth in Rule 8." *Cousin v. Small*, No. 00-0069, 2000 WL 1100384, at *1 (E.D. La. Aug. 4, 2000).  Rule 8 simply calls for a "short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests." *Dubuque Barge & Fleeting Serv., Inc. v. Plaquemines Parish Gov.*, No. 10-0516, 2010 WL 1710372, at *2 (E.D. La. April 23, 2010) (citing *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co*., 173 F.3d 946, 951 (5th Cir. 1999) ("reasoning that Rule 8 only requires a short and plain statement sufficient to (1) provide notice of the circumstances giving rise to the claim, or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.")).

For unintelligible pleadings, a Rule 12(e) motion is successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice.  *Dubuque*, 2010 WL 1710372 at *2; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006). Therefore, a motion for a more definite statement is

inappropriate where the parties can discover additional information through discovery. *Id*. Importantly, a party may not use a Rule 12(e) motion as a substitute to discovery. *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10-1333 c/w 10-2296, 2012 WL 2087438 (E.D. La. June 8, 2012); *see also Gibson v. Deep Delta Contractors, Inc*., No. 97-3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order.  Fed. R. Civ. P. 12(e).

### III.   Analysis

Delmar contends that the Plaintiff was not its employee, so it did not know of the Plaintiff prior to being served with the complaint. *See* R. Doc. 9-2. Delmar argues that the complaint does not state the name of Plaintiff's employer, the identity of the vessel he was located on during the accident, or the identity of the entity under whose direction he was performing his duties at the time of his injuries. *Id*.

During oral argument, counsel for Delmar argued that in the complaint the Plaintiff only alleges a five day window in which the accident occurred and did not provide details about the accident or his injuries. Delmar further argued that the Plaintiff alleges punitive damages but does not plead facts to necessitate punitive damages.

In opposition, Plaintiff argues that the complaint provides notice of the claim and the basis of the claim. *See* R. Doc. 11. Specifically, Plaintiff argues that the complaint provides the date of the injury, the name of the vessel to which Plaintiff was assigned to at the time of the

injury, the names of the vessels involved in the incident, and the names of the other parties which were involved in the incident. *Id*.

Plaintiff contends that Rule 12(e) motions are highly disfavored and that Delmar has more than enough information to answer the complaint. *Id*. Plaintiff further argues that much of the information Delmar complains of is information usually obtained during discovery, including the nature of Plaintiff's job at the time of his injuries and the specifics as to all of the parties' activities at the time of the incident. *Id*. During oral argument, counsel for Plaintiff argued that when the complaint was filed she did not have all the details of the incident and was planning to get more details for the purpose of pleading punitive damages.

Rule 8 only requires a party to provide a "short and plain statement" of the claim showing that the pleader is entitled to relief, so as to give the opposing party notice of the claims, and provide an adequate opportunity to respond to said claims. *Dubuque,* 2010 WL 1710372 at *2; Fed. R. Civ. P. 8(a).   Only if a pleading is unintelligible or so vague or ambiguous that ascertaining the relief is unduly prejudicial to the defendant, is a Rule 12(e) motion for more definite statement appropriate. *Coleman v. H.C. Price Co.*, No. 11-2937, 2012 WL 1118775, at *6 (E.D. La. April 3, 2012).

"Notice pleading and not fact pleading, as in state court, is all that is required under the Federal Rules of Civil Procedure." *Simoneaux v. Jolen Operating, Co.*, No. 04-2467, 2004 WL 2988506, at *1 (E.D. La. Dec. 15, 2004). The United States Supreme Court has emphasized the liberality and broad interpretation of pleadings under Rule 8, so as not to require "hyper technical code pleadings." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). However, even though "a complaint does not need 'detailed factual allegations . . . more than labels and conclusions are

necessary, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

After reviewing the complaint, the Court finds that the complaint does not provide enough factual allegations to place Delmar on notice of the claims against it. The complaint only states the parties involved; that between December 25, 2012 and December 29, 2012 the Plaintiff experienced physical and mental injuries; that the rig broke from its tow; and that there was a dangerous helicopter evacuation. *See* R. Doc. 1. The Plaintiff does not allege the specific injury sustained—i.e. back injury or leg injury—or how he sustained the injury. The complaint additionally does not allege each of the defendants' roles in the accident.

Although the complaint does not need detailed factual allegations, many of these facts were ascertainable by counsel at the time of filing the complaint and would have put the defendants on notice of the claims against them. Thus, the Court finds that the complaint is vague and ambiguous, and that there is not enough information to allow Delmar to reasonably prepare a response.

As such,

**IT IS ORDERED** that Delmar Systems, Inc.'s **Rule 12(e) Motion for More Definite Statement on Behalf of Delmar Systems, Inc. (R. Doc. 9)** is **GRANTED**, and the Plaintiff, Mark Collier, shall have **ten (10) days** from the date of the hearing to amend his pleading, which is to be filed by **December 6, 2014**.

New Orleans, Louisiana, this 3rd day of December 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

5